JOSEPH TUMIDAJEWICZ & another, executors, *vs.* CITY OF CHICOPEE.

Hampden. November 9, 1967. — December 1, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Eminent Domain,* Damages. *Damages,* Eminent domain. *Practice, Civil,* Petition.

No error appeared in an assessment of damages in accordance with G. L. c. 79, § 12, for a taking of part of a parcel of land by eminent domain for relocation of a highway and for injury to the remaining part of the

parcel due to the relocation; it was unnecessary that the petition for assessment of damages set forth specifically a claim for the injury to the remaining part of the parcel.

Two PETITIONS for assessment of damages filed in the Superior Court on January 14, 1964, originally by Katarzyna Tumidajewicz and after her death prosecuted by the executors of her will.

The case resulting from a merger of the petitions was tried before *Noonan*, J.

*Robert L. Nowak*, City Solicitor, for the respondent, submitted a brief.

*Francis P. Tehan* for the petitioners.

REARDON, J. Takings of the decedent's land were made by the respondent for the purpose of relocating Pendleton Avenue in Chicopee. The petitioners brought these petitions for assessment of damages. The petitions, which involved two takings, were merged by stipulation and tried as one case. A jury found for the petitioners in the sum of $5,000. The respondent excepted to the admission of certain evidence during the trial and to the failure of the trial judge to charge the jury in accordance with four requests. The principal point at issue raised by the several exceptions relates to the damages to be awarded. There was testimony that the grade in front of the house was raised from eight to ten feet by the relocation, as a result of which water was caused to flow into the garage and cellar of the decedent's house. The contention of the respondent is that the takings for which the petitions were brought were remote from the house and that the petitions do not set forth in terms a claim for consequential damages to the house site itself.

The petitions were brought under G. L. c. 79, § 12, which states in part: "The damages for property taken under this chapter shall be fixed at the value thereof before the recording of the order of taking, and in case only part of a parcel of land is taken there shall be included damages for all injury to the part not taken caused by the taking or by the public improvement for which the taking is made . . . ." We agree that the petitioners' claim in part is based on

injury to the remainder of the deceased's premises caused by the relocation of the road. Since the statute defines the measure of damages applicable to their claim, damages are properly reimbursable to the petitioners on the language of the petitions. The judge, in a lucid charge, made entirely clear to the jury all of the foregoing. In view of what has been stated it was not error to fail to charge on the four requests where exceptions were taken by the respondent. These requests either asserted a view of damages which is at odds with the foregoing or related to matters on which the judge properly charged the jury.

*Exceptions overruled.*